1  LEWIS BRISBOIS BISGAARD & SMITH LLP
   ERIC Y. KIZIRIAN, SB# 210584
2     E-Mail: Eric.Kizirian@lewisbrisbois.com
   MICHAEL K. GRIMALDI, SB# 280939
3     E-Mail: Michael.Grimaldi@lewisbrisbois.com
   633 West 5th Street, Suite 4000
4  Los Angeles, California 90071
   Telephone: 213.250.1800
5  Facsimile: 213.250.7900

6  Attorneys for Defendant
   FoundryCo., Inc. f/k/a IDG
7  Communications, Inc.

8

9              UNITED STATES DISTRICT COURT

10     CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

11

12

13  JEFF RAMIREZ OCHOA,                  **DEFENDANT'S NOTICE OF**
    individually and on behalf of all    **REMOVAL OF CLASS ACTION**
14  other persons similarly situated,

15              Plaintiff,               LASC No.: 25STCV22470
                                         Action Filed: November 20, 2025
16         vs.

17  FOUNDRY CO, INC. f/k/a IDG
    COMMUNICATIONS, INC.,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

168694845.8

DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    PLEASE TAKE NOTICE that Defendant FoundryCo, Inc., f/k/a

2  IDG Communications, Inc. ("Defendant"), through its undersigned

3  counsel, files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441,

4  1446, and 1453, to effect the removal of the above-captioned action,

5  which was originally commenced in the Superior Court of the State of

6  California in and for the County of Los Angeles to the United States

7  District Court for the Central District of California, Western Division. In

8  support of this Notice of Removal, Defendant states:

9    1.    On or about November 20, 2025, Plaintiff Jeff Ramirez Ochoa

10 ("Plaintiff") filed a Complaint ("Complaint") against Defendant

11 FoundryCo., Inc. f/k/a IDG Communications, Inc. in the Superior Court

12 of the State of California, County of Los Angeles, Case No.

13 25STCV22470.

14   2.    The Complaint alleges one cause of action, for violation of the

15 California Invasion of Privacy Act, Cal. Penal Code § 638.51(a).

16   3.    The U.S. Supreme Court has affirmed that a defendant needs

17 only to plausibly allege the requirements for federal jurisdiction to

18 remove. That is, a defendant only needs to file in the federal forum a

19 notice of removal "containing a short and plain statement of the grounds

20 for removal"; no evidentiary submissions need to be submitted. *Dart*

21 *Cherokee Basin Operating Co., LLC v. Owens* (2014) 574 U.S. 81, 87

22 (citing 28 U. S. C. § 1446(a)).

23   4.    As more fully set out below, this case is properly removed to

24 this Court under 28 U.S.C. § 1441 because Defendant has satisfied the

25 procedural requirements for removal, and because this Court has

26 subject-matter jurisdiction over this action under 28 U.S.C. § 1332.

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

168694845.8

DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION

# I.     THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET.

5.     Plaintiff served their Complaint on Defendant on November 20, 2025. Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

6.     The Superior Court of the State of California for the County of Los Angeles is located in the Central District of California, Western Division. Thus, venue is proper under 28 U.S.C. § 84 because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7.     No previous application has been made for the relief requested herein.

8.     Under 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant, or otherwise filed in the Superior Court, are attached as **Exhibit 1** to the Notice of Removal.

9.     Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the Superior Court of the State of California for the County of Los Angeles.

# II.     REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA").

10.     This case is subject to removal under the Class Action Fairness Act of 2005. Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C.) ("CAFA").

11.     The Complaint defines the putative "Class" as follows: "Plaintiff seeks to represent a class defined as all California residents who accessed the Website in California and had their IP address, Device Metadata, and/or unique user identifiers collected by the Trackers (the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   'Class')." Comp. ¶ 283.

2        12.    As set forth below, this is a putative class action in which (1)

3   there are 100 or more members in Plaintiff's proposed class; (2) at least

4   some members of the proposed class have a different citizenship from

5   Defendant; and (3) the aggregate amount in controversy exceeds $5

6   million. Thus, this Court has subject-matter jurisdiction under 28 U.S.C.

7   § 1332(d), and § 1453(b).

8        **A.     Diversity of Citizenship Is Satisfied.**

9        13.    At least one member of the proposed class is a citizen of a

10  state different from Defendant. 28 U.S.C. § 1332(d)(2)(A).

11       14.    A corporation is considered a citizen of the states by which it

12  has been incorporated and of the state where it has its principal place of

13  business. 28 U.S.C. § 1332(c). Here, the Complaint states "Defendant

14  FoundryCo., Inc. f/k/a IDG Communications, Inc. is a Massachusetts

15  corporation with its principal place of business in New York." Compl. ¶ 8.

16  Therefore, Defendant FoundryCo is a citizen of Massachusetts and New

17  York.

18       15.    The Complaint states "Plaintiff Ochoa is a citizen of

19  California who resides in San Bernardino, California with an intent to

20  remain there." Compl. ¶ 8. For the purposes of diversity, Plaintiff is,

21  therefore, a citizen of California.

22       16.    The diversity of citizenship between Plaintiff and Defendant

23  satisfies the diversity requirements of CAFA, which requires only that

24  the citizenship of "any member of a class" be diverse from "any

25  defendant." Because the named plaintiff is a citizen of California, and

26  Defendant is a citizen of Massachusetts and New York, the "minimal

27  diversity" requirement under CAFA is met. 28 U.S.C. § 1332(d)(2)(A).

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

168694845.8

4

**B.    The Amount-in-Controversy Requirement is Satisfied.**

17.    The aggregate amount in controversy, exclusive of interests and costs, exceeds $5,000,000. 28 U.S.C. §§ 1332(d)(2), 1332(d)(6). *Defendant disputes that the proposed class could ever be certified or that Defendant is liable for any of the claims Plaintiff asserts in the Complaint.*

18.    Although Plaintiff does not plead a specific amount of damages, Defendant can demonstrate that the aggregate amount in controversy here exceeds $5,000,000. *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 84 ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so.") (citing 28 U.S.C. §1446(c)(2)(A)).

19.    The Complaint seeks the following relief:

- Count I: Violation of the California Invasion of Privacy Act, Cal. Penal Code § 638.51(a) – "Pursuant to Cal. Penal Code § 637.2(a), Plaintiff and Class Members have been injured by Defendant's violations of CIPA § 638.51 (a), and each seeks statutory damages of $5,000 for each of Defendant's violations of CIPA § 638.51(a)." Compl. ¶ 301.

- PRAYER FOR RELIEF

    WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

    (a) For an order certifying the Class, naming Plaintiff as the representative of the Class, and naming Plaintiff's attorneys as Class Counsel to represent the Class;

    (b) For an order declaring that Defendant's conduct violates the statutes referenced herein;

DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    (c) For an order finding in favor of Plaintiff and the

2    Class on all counts asserted herein;

3    (d) For statutory damages of $5,000 for each violation of

4    CIPA § 638.51(a);

5    (e) For pre- and post-judgment interest on all amounts

6    awarded;

7    (f) For an order of restitution and all other forms of

8    equitable monetary relief; and

9    (g) For an order awarding Plaintiff and the Class their

10   reasonable attorney's fees and expenses and costs of

11   suit. [Compl., at pp. 81-82.]

12   20.   *The Complaint states the putative class is likely to consist of*

13   *tens of thousands, potentially millions of class members.* Compl. ¶ 285.

14   "Plaintiff seeks to represent a class defined as all California residents

15   who accessed the Website in California and had their IP address, Device

16   Metadata, and/or unique user identifiers collected by the Trackers (the

17   'Class')." Compl. ¶ 283. "The number of people within the Class is

18   substantial and believed to amount to thousands, if not millions of

19   people." Compl. ¶ 285. If there are one thousand class members, for

20   example, this would result in an award of compensatory damages of

21   $5,000,000.00, assuming there has been one CIPA violation for each class

22   member.

23   21.   Thus, setting aside valuation of the non-monetary relief

24   requested, the amount in controversy here for the compensatory damage

25   demanded in the Complaint is well in excess of the $5,000,000 threshold.

26   28 U.S.C. §§ 1332(d)(2), 1332(d)(6) because, at a minimum, Plaintiff

27   seeks $5,000 "for each of Defendant's violations of CIPA § 638.51(a)"

28   (Compl. ¶ 301) and the Complaint alleges the putative class includes *tens*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

168694845.8

6

DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION

*of thousands, potentially millions of class members.* Compl. ¶ 285.

### C. This Class Action Consists of Over 100 Members.

22.    As explained above, Plaintiff is suing on behalf of "all California residents who accessed the Website in California and had their IP address, Device Metadata, and/or unique user identifiers collected by the Trackers (the 'Class')." Compl. ¶ 283.  The aggregate number of class members in Plaintiff's proposed class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges "[t]he number of people within the Class is substantial and believed to amount to thousands, if not millions of people." Compl. ¶ 285.

23.    Therefore, upon information and belief, Plaintiff's proposed class will be greater than 100 in this case.

### III.    THE REQUIREMENTS OF 28 U.S.C. § 1446 ARE MET.

24.    *Timeliness.* A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other papers from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b). Defendant first received a copy of the Complaint on November 20, 2025. Therefore, the filing of this Notice of Removal, less than 30 days later, on December 19, 2025 is timely.

25.    *Removal to Proper Court.* This Court is part of the district and division in which the action was filed – Los Angeles County, California. 28 U.S.C. § 1446(a).

26.    *Procedural Requirements.* As required by 28 U.S.C. § 1446(d), Defendant will file an appropriate notice in the state-court Action and will serve on all counsel of record a true and correct copy of this Notice of Removal. Section 1446(a) also requires a removing party to provide this Court a copy of all "process, pleadings, and order" served on it in the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

168694845.8

1    state court Action. A true and correct copy of the Complaint and all

2    papers served with the Complaint or otherwise filed to date in the state-

3    court action is attached hereto as **Exhibit 1**.

4

5        Therefore, Defendant FoundryCo, Inc., f/k/a IDG Communications,

6    Inc. respectfully removes this action from the Superior Court of the State

7    of California, for the County of Los Angeles, bearing case number

8    25STCV22470 to this Court under 28 U.S.C. §§ 1332, 1441, 1446, and

9    1453.

10

11   DATE:  December 19, 2025        LEWIS BRISBOIS BISGAARD &
                                      SMITH LLP
12

13

14

15   By:  _Michael Grimaldi_____
                                      MICHAEL K. GRIMALDI
16                                    Attorneys for FoundryCo, Inc., f/k/a
                                      IDG Communications, Inc.
17

18

19

20

21

22

23

24

25

26

27

28

168694845.8                                8

DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW